William R. Fix, W.S.B. #5-1908
Jessica E. Simons, W.S.B. #7-5594
Fix Law Office
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
fixlawoffice@gmail.com
*Attorneys for Plaintiffs*



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 MAR 20  PM 2: 16

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| MELISSA BONNER and RENO BONNER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-CV-48 J |
| ) | |
| DEVIN J. SIMPSON, D.C., and ) | |
| PRATER VIEW CHIROPRACTIC, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COME NOW the Plaintiffs, Melissa Bonner and Reno Bonner, by and through counsel undersigned, and for their causes of action against the Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc., state and allege as follows:

### I.   JURISDICTION, VENUE and PARTIES

1.   This civil action seeks damages for injuries sustained by Plaintiffs Melissa Bonner and Reno Bonner (hereinafter sometimes referred

to as "Plaintiffs" or "Mr. and Mrs. Bonner") arising from the negligence of Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc.

2.     Defendants provided chiropractic care to Plaintiff Melissa Bonner on May 27, 2016, in Afton, Wyoming.

3.     Plaintiffs Melissa Bonner and Reno Bonner are citizens of the State of Arizona.

4.     At all times relevant herein, Defendant Devin H. Simpson, D.C., (hereinafter sometimes referred to as "Defendant Simpson") was and is a citizen of the State of Wyoming.

5.     At all times material to this complaint, Defendant Simpson acted within the course and scope of his duties for Defendant Prater View Chiropractic, Inc. (hereinafter sometimes referred to as "Defendant Prater View").

6.     At all times material to this Complaint, Defendant Prater View Chiropractic, Inc., was and is a chiropractic clinic existing under the laws of the State of Wyoming with its principal place of business in Lincoln County, Wyoming.

7.     At all times mentioned in this Complaint, the Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc. held themselves out to the public, including Plaintiff Melissa Bonner, as being willing and able to

competently provide quality chiropractic care and to provide qualified and competent professionals who would perform chiropractic services within the accepted standards of care.

8.    Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc., are vicariously liable for the conduct of the individual defendants as well as the acts and omissions of any employee or agent of the Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc. acting within the scope of such employment or agency.

9.    This Court has jurisdiction due to the amount in controversy which exceeds $75,000.00, and the complete diversity of citizenship of the parties.

10.    On October 26, 2016, Plaintiffs timely filed a claim with the Wyoming Medical Review Panel, pursuant to W.S. §9-2-1513, *et seq.* (Attached hereto and incorporated herein by this reference as Exhibit A.)

11.    On January 17, 2017, respondents waived further proceedings before the Medical Review Panel. (*Waiver of Further Medical Review Panel Proceedings by Defendants Devin J. Simpson, D.C. and Prater View Chiropractic, Inc.,* is attached hereto and incorporated herein as Exhibit B).

12.    On January 25, 2017, the Medical Review Panel issued the attached *"Order of Dismissal"* authorizing Plaintiffs to immediately pursue

their claims in a court of competent jurisdiction, pursuant to W.S. § 9-2-1519(e). (The *Order of Dismissal* is attached as Exhibit C.)

13.    As reflected in the final decision of the Medical Review Panel, Plaintiffs have fully and completely complied with the requirements of the Wyoming Medical Review Panel Act, W.S. §9-2-1513, *et. seq.* All conditions precedent to the filing of this Complaint have been met.

## II:    FACTS COMMON TO ALL CAUSES OF ACTION

14.    Plaintiffs reallege each and every allegation contained in paragraphs 1 through 13 as if fully set forth here.

15.    At all times material to this complaint, Defendant Devin J. Simpson, D.C., was an employee and/or agent of Prater View Chiropractic, Inc. Defendant Devin J. Simpson, D.C., had chiropractic privileges at Prater View Chiropractic, Inc. as a chiropractor.

16.    On May 27, 2016, Claimant Melissa Bonner first sought treatment from Devin J. Simpson, D.C., at Prater View Chiropractic, Inc., for pain in her left cervical and upper thoracic regions, which started as a result of exercising. Mrs. Bonner advised Dr. Simpson that she had been experiencing these symptoms for approximately one (1) week prior to seeking chiropractic treatment in an attempt to alleviate her pain.

17.   Defendant Simpson recommended spinal manipulation and massage therapy modalities to treat Mrs. Bonner's pain.

18.   During the "neck adjustment" performed by Dr. Simpson, Mrs. Bonner experienced a sudden onset of headache and nausea.  She became dizzy and began to vomit, in addition to having difficulty walking.  Her family transported her to Star Valley Medical Center for evaluation of her symptoms.

19.   At the emergency room at Star Valley Medical Center, Mrs. Bonner was initially evaluated by Niki Milleson, D.O.  Dr. Milleson ordered various diagnostic studies, which revealed "a left vertebral artery dissection with extension into the proximal basilar artery."  Dr. Milleson ordered AIR transport (life flight) for Mrs. Bonner to Intermountain Medical Center in Murray, Utah, for further treatment in the neuro ICU.

20.   At Intermountain Medical Center, Mrs. Bonner was treated by Shawn Smith, M.D., a board-certified neurologist, and Mengjing (Chloe) Huan, M.D., also a board-certified neurologist.   Dr. Huan's discharge diagnosis of Mrs. Bonner included:

- Basilar artery occlusion with spontaneous reperfusion;
- Bilateral vertebral artery dissections (from V2 segment at C2-3 through the proximal basilar artery per OSH radiology report; and
- Sm acute mid L cerebellar infarct.

21.    Mrs. Bonner was discharged from Intermountain Medical Center on June 3, 2016.

22.    Mrs. Bonner was seriously and permanently injured due to Defendant Simpson's professional negligence and gross negligence.

23.    Defendant Simpson performed chiropractic manipulations which Defendant Simpson knew or should have known were dangerous and carried a substantial risk of injury to Mrs. Bonner. Mrs. Bonner experienced the immediate onset of neck pain during the chiropractic session. As a direct and proximate result of Defendant Simpson's negligent and grossly negligent chiropractic treatment, Mrs. Bonner suffered an acute left vertebral artery dissection and other life-threatening injuries.

24.    Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc., breached their duties of care to Melissa Bonner through their negligent acts and omissions.

25.    Defendant Simpson breached his duty to provide proper care to Melissa Bonner and failed to exercise that degree of care, skill and learning expected of a reasonably prudent chiropractor. In addition, Defendant Simpson negligently failed to properly perform and direct chiropractic exercises on Melissa Bonner, which has proximately caused permanent injury, which requires continual medical maintenance for pain and

associated disability. The wrongful conduct as alleged herein was the proximate cause of Melissa Bonner's injuries and damages as described herein.

26.     Defendants Devin Simpson, D.C., and Prater View Chiropractic, Inc., are liable to Plaintiffs for their negligence and for the injuries and damages sustained by Plaintiff Melissa Bonner which were directly and proximately caused by the negligence of Defendants Devin Simpson, D.C., and Prater View Chiropractic, Inc.

## III.  CLAIMS AGAINST ALL DEFENDANTS

27.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 26 as if fully set forth here.

28.     As a licensed chiropractor, Defendant Simpson had a duty to provide professional and competent chiropractic services to Plaintiff Melissa Bonner as a patient at Prater View Chiropractic, Inc.'s facilities.

29.     Defendants accepted the responsibility of providing care to Plaintiff Melissa Bonner and impliedly or expressly agreed that such care would be in accordance with generally accepted standards of care for health care providers who provide chiropractic services within the State of Wyoming during the time period in question herein.  Defendant Simpson

had a duty to provide services to Plaintiff Melissa Bonner in accordance with said standards of practice.

30.    Defendant Simpson negligently and carelessly failed to properly assess, thoroughly diagnose, and/or adequately react to and treat the problems experienced by Plaintiff Melissa Bonner and treat her accordingly. Defendant Simpson's conduct was a breach of the applicable standard of care accordingly to Wyoming law and he was otherwise negligent and grossly negligent.

31.    At all times mentioned in this Complaint, Defendant Prater View Chiropractic, Inc., was a chiropractic treatment facility, having the personnel, equipment, and facilities to treat a wide spectrum of conditions and afflictions, including the services rendered to Plaintiff Melissa Bonner.

32.    Defendants Simpson and Prater View and other persons in their employ had specialized education, training, qualifications, skills and experience in caring for chiropractic patients.  At all times material to this Complaint, the employees of Defendant Prater View Chiropractic who participated in the care of Plaintiff Melissa Bonner were acting within the scope of their employment and were acting as agents, ostensible or otherwise, of Prater View Chiropractic.  As such, Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc. are liable, directly, or

through its employees, representatives and/or ostensible agents, for their conduct.

33.   Defendants Simpson and Prater View Chiropractic, Inc., in the exercise of care, either did or should have had procedures and protocols in place for the thorough assessment, proper diagnosis and adequate treatment of conditions such as those presented by Plaintiff.  Defendants Devin J. Simpson, D.C., and Prater View Chiropractic, Inc. directly and through its employees, representatives and/or agents, ostensible or otherwise, failed to exercise that degree of care and skill usually exercised and maintained by reputable chiropractic clinics in its care of Mrs. Bonner.

34.   Defendant Simpson fell far below the accepted standard or standards of care, skill, and diligence for chiropractors.

35.   The wrongful conduct of Defendant Devin J. Simpson, D.C, as alleged in this Complaint was the proximate cause of Plaintiff's injuries and damages as described herein and/or said conduct jeopardized Plaintiff Melissa Bonner's health and well-being.

36.   The negligence of Defendant Simpson includes but is not limited to the following specific elements:

a.   Defendant failed to provide competent chiropractic care to Plaintiff;

b.   Defendant Devin Simpson, D.C. failed to properly perform chiropractic manipulations to Plaintiff Melissa Bonner;

c.   Defendant violated other rules, regulations, and standards voluntarily undertaken by him to assure safe chiropractic practices and procedures; and

d.   Defendant was otherwise negligent and grossly negligent.


## IV.   DAMAGES

37.   All prior allegations made in paragraphs 1 through 36 of this complaint are incorporated herein by this reference as if fully set forth here.

38.   As a direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff Melissa Bonner suffered injuries which are believed to be permanent and progressive in nature and has and will sustain the following damages and expenses:

a.   For past and future medical expenses in an amount to be set forth at trial;

b.   For loss of wages and earning capacity in the past and in the future in an amount to be set forth at trial;

c.   For past and future pain, emotional distress, suffering, and permanent disability in an amount to be set forth at trial; and

d.   For loss of enjoyment of life, past and future in an amount to be set forth in trial.

## V.   LOSS OF CONSORTIUM CLAIM – RENO BONNER

39.   All prior allegations made in paragraphs 1 through 38 of this complaint are incorporated herein by this reference as if fully set forth here.

40.   Plaintiffs allege that prior to the wrongful acts and omissions of the defendant as set forth above, they were able to perform their duties as husband and wife.  Subsequent to the defendants' acts and omissions and as a direct and proximate result thereof, Plaintiff Melissa Bonner has been unable to perform the necessary marital duties as Plaintiff Reno Bonner's wife.

41.   As a direct and proximate result, Plaintiff Reno Bonner has been deprived of the services, society, consortium and companionship of his wife, including each and every one of his necessary family and marital duties now and in the future, and their enjoyment thereof has been greatly impaired and diminished.

## VI.   PUNITIVE DAMAGES

42.   All prior allegations made in paragraphs 1 through 41 of this complaint are incorporated herein by this reference as if fully set forth here.

43.   The acts, omissions and conduct of the defendants were reckless and committed in utter disregard for the rights and interests of the plaintiff, and represent such a departure from the ordinary standard of care that they

amounted to willful and wanton misconduct that exemplary and punitive damages should be awarded in an amount sufficient to punish the defendants and to make an example of these defendants.

44.   As a direct and proximate result of the willful and wanton misconduct of the defendants, plaintiffs suffered damages which are more specifically alleged above and incorporated herein by this reference.

WHEREFORE, the Plaintiffs Melissa Bonner and Reno Bonner pray for judgment against the Defendants as follows:

A.   For the reasonable value of the emotional distress, pain, suffering, anguish, and loss of enjoyment of life and disability of Plaintiff Melissa Bonner, past and future;

B.   For the reasonable value of medical services and other services provided, and other expenses, past and future;

C.   For the reasonable value of all future expenses and losses, including disability, loss of earnings and loss of earning capacity in the past and in the future;

D.   For loss of consortium on behalf of Plaintiff Reno Bonner; and

E.   For punitive damages; and

E.    For Plaintiffs' costs of suit, and for such other and further relief as this Court deems proper, including any and all other damages provided by Wyoming law.

DATED this _14th_ day of March, 2017.

William R. Fix, W.S.B. #5-1908
Jessica Simons, W.S.B. #7-5594
Fix Law Office
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
fixlawoffice@gmail.com
*Attorneys for Plaintiffs*

# WILLIAM R. FIX
ATTORNEY AT LAW

26 October 2016

Eric Easton, Director
Wyoming Medical Review Panel
P.O. Box 1507
800 Warner Court, Suite 190
Casper, WY 82602

*E-Mail to eric.easton@wyo.gov*
*Facsimile to (307) 265-2623*
*and U.S. Mail*

> **Re:    *Application for Claim Review;***
> ***In the matter of Melissa Bonner and Reno Bonner***
> ***v. Devin J. Simpson, D.C., and Prater View Chiropractic, Inc.***

Dear Mr. Easton:

Please accept this correspondence as an Application for Claim Review to the Wyoming Medical Review Panel made and presented pursuant to Wyo. Stat. §§ 9-2-1515 through 9-2-1523, as adopted in the 2005 General Session of the Wyoming Legislature.

1.    You are hereby notified that the Claimants specified in this Application for Claim Review makes and presents their claims against the following:

    a) Devin J. Simpson, D.C.
       Prater View Chiropractic, Inc.
       118 S. Main St., Ste. 400
       P.O. Box 1179
       Thayne, WY 83127
       (307) 883-7246

    b) Prater View Chiropractic, Inc.
       118 S. Main St., Ste. 400
       P.O. Box 1179
       Thayne, WY 83127
       (307) 883-7246

2.    Review before the Wyoming Medical Review Panel is proper pursuant to Wyo. Stat. §§ 9-2-1518. The acts and omissions complained of herein occurred within the State of Wyoming.

3.    These claims are made for and on behalf of:

    Melissa Bonner and Reno Bonner, Claimants
    3930 E. Pony Track Lane
    San Tan Valley, AZ
    (602) 828-8796

---

William R. Fix, Attorney at Law
Post Office Box 297, Jackson, WY 83001 Telephone (307) 733-5848    Fax (307) 333-0717
fixlawoffice@gmail.com

Exhibit A

4.      Attorney for the Claimants is:

      William R. Fix, WSB #5-1908
      P.O. Box 297
      Jackson, WY 83001
      (307) 733-5848
      (307) 333-0717 Facsimile
      fixlawoffice@gmail.com

5.      These claims are made against the following health care providers:

    a)   Devin J. Simpson, D.C.
        Prater View Chiropractic, Inc.
        118 S. Main St., Ste. 400
        P.O. Box 1179
        Thayne, WY 83127
        (307) 883-7246

    b)   Prater View Chiropractic, Inc.
        118 S. Main St., Ste. 400
        P.O. Box 1179
        Thayne, WY 83127
        (307) 883-7246

6.   The following witnesses may have knowledge of relevant facts concerning this claim and may be called to testify before the panel:

    a)   Melissa Bonner, Claimant
        3930 E. Pony Track Lane
        San Tan Valley, AZ
        (602) 828-8796

    b)   Reno Bonner, Claimant
        E. Pony Track Lane
        San Tan Valley, AZ
        (602) 828-8796

    c)   Devin J. Simpson, D.C.
        Prater View Chiropractic, Inc.
        118 S. Main St., Ste. 400
        P.O. Box 1179
        Thayne, WY 83127
        (307) 883-7246

d)   Niki Milleson, D.O.
     Star Valley Medical Center
     901 Adams Street
     Afton, WY 83110

e)   Shawn M. Smith, M.D.
     Intermountain Medical Center
     5171 S. Cottonwood St., Ste. 810
     Murray, UT 84107
     (801) 507-9800

f)   Mengjing (Chloe) Huan, M.D.
     Intermountain Medical Center
     5171 S. Cottonwood St., Ste. 810
     Murray, UT 84107
     (801) 507-9800

g)   Custodian of Records
     Prater View Chiropractic, Inc.

h)   Custodian of Records
     Star Valley Medical Center

i)   Custodian of Records
     Intermountain Medical Center

7.      Pursuant to Wyo. Stat. § 9-2-1519, the time, place, and circumstances of the alleged loss and injury are as follows:

On May 27, 2016, Claimant Melissa Bonner first sought treatment from Devin J. Simpson, D.C., at Prater View Chiropractic, Inc., for pain in her left cervical and upper thoracic regions, which started as a result of exercising. Mrs. Bonner advised Dr. Simpson that she had been experiencing these symptoms for approximately one (1) week prior to seeking chiropractic treatment in an attempt to alleviate her pain.

Dr. Simpson recommended spinal manipulation and massage therapy modalities to treat Mrs. Bonner's pain.

During the "neck adjustment" performed by Dr. Simpson, Mrs. Bonner experienced a sudden onset of headache and nausea. She became dizzy and began to vomit, in addition to having difficulty walking. Her family transported her to Star Valley Medical Center for evaluation of her symptoms.

At the emergency room at Star Valley Medical Center, Mrs. Bonner was initially evaluated by Niki Milleson, D.O. Dr. Milleson ordered various diagnostic studies, which revealed "a left vertebral artery dissection with extension into the proximal basilar

artery." Dr. Milleson ordered AIR transport (life flight) for Mrs. Bonner to Intermountain Medical Center in Murray, Utah, for further treatment in the neuro ICU.

At Intermountain Medical Center, Mrs. Bonner was treated by Shawn Smith, M.D., a board-certified neurologist, and Mengjing (Chloe) Huan, M.D., also a board-certified neurologist. Dr. Huan's discharge diagnosis of Mrs. Bonner included:

- Basilar artery occlusion with spontaneous reperfusion;
- Bilateral vertebral artery dissections (from V2 segment at C2-3 through the proximal basilar artery per OSH radiology report; ad
- Sm acute mid L cerebellar infarct.

Mrs. Bonner was discharged from Intermountain Medical Center on June 3, 2016.

Mrs. Bonner was seriously and permanently injured due to Dr. Simpson's professional negligence and gross negligence.

Dr. Simpson performed chiropractic manipulations which Dr. Simpson knew or should have known were dangerous and carried a substantial risk of injury to Mrs. Bonner. Mrs. Bonner experienced the immediate onset of neck pain during the chiropractic session. As a direct and proximate result of Dr. Simpson's negligent and grossly negligent chiropractic treatment, Mrs. Bonner suffered an acute left vertebral artery dissection and other injuries.

Devin J. Simpson, D.C., and Prater View Chiropractic, Inc., breached their duties of care to Melissa Bonner through their negligent acts and omissions. Dr. Simpson breached his duty to provide proper care to Melissa Bonner and failed to exercise that degree of care, skill and learning expected of a reasonably prudent chiropractor. In addition, Dr. Simpson negligently failed to properly perform and direct chiropractic exercises on Melissa Bonner, which has proximately caused permanent injury, which requires continual medical maintenance for pain and associated disability. The wrongful conduct as alleged herein was the proximate cause of Melissa Bonner's injuries and damages as described herein.

8.     This Application for Claim Review is timely brought in that it is filed not more than two (2) years after the discovery of the negligence and gross negligence of Devin J. Simpson, D.C., and Prater View Chiropractic, Inc.

9.     Pursuant to Wyo. Stat. § 9-2-1518, the running of the statute of limitations is tolled upon receipt by the Director of the application for claim review and does not begin to run again until thirty (30) days after the panel's final decision is served upon the claimants.

10.     Pursuant to Wyo. Stat. § 9-2-1519, this Application for Claim Review has been signed by the attorney for the Claimants.

11.     Pursuant to Wyo. Stat. § 1-5-109, the proper venue for the hearing is Lincoln County, Wyoming.

12.     As a result of the acts and omissions described herein, the Claimants have sustained the following damages:

a.     Past and future medical expenses;
b.     Loss of wages and earning capacity in the past and in the future;
c.     Past and future pain, suffering, and permanent disability;
d.     Loss of enjoyment of life, past and future; and
e.     Loss of consortium on behalf of Claimant Reno Bonner.

13.     Pursuant to Wyo. Stat. § 9-2-1519(c), the Claimants hereby reserve their rights to amend this Application for Claim Review up to fourteen (14) days prior to the hearing date.

14.     Enclosed please find three (3) fully executed original medical release forms signed by Claimant Melissa Bonner authorizing the Medical Review Panel to obtain access to all health care providers' records and information pertaining to this claim, and for the purposes of this matter only.  (A list of Mrs. Bonner's health care providers is included for the panel's convenience.)

Please do not hesitate to contact me directly should you require any additional information or have any questions or concerns.

Thank you very much for your kind attention to this matter.

Dated this 26th day of October, 2016.

Very truly yours,

William R. Fix, W.S.B. #5-1908
P.O. Box 297
Jackson, WY  83001
(307) 733-5848
fixlawoffice@gmail.com
*Attorney for Claimants*

WRF/tf
Enclosures

**BEFORE THE WYOMING MEDICAL REVIEW PANEL
STATE OF WYOMING**

IN THE MATTER OF THE CLAIM OF

| | | |
|---|---|---|
| MELISSA BONNER and RENO BONNER | ) | |
| | ) | |
| Claimants | ) | |
| | ) | MRP 16-33 |
| v. | ) | |
| | ) | |
| DEVIN J. SIMPSON, D.C. and | ) | |
| PRATER VIEW CHIROPRACTIC, INC. | ) | |
| | ) | |
| Respondents. | ) | |

**WAIVER OF FURTHER MEDICAL REVIEW PANEL PROCEEDINGS
BY RESPONDENTS DEVIN J. SIMPSON, D.C.
AND PRATER VIEW CHIROPRACTIC, INC.**

Respondents Devin J. Simpson, D.C. and Prater View Chiropractic, Inc. by and through their attorney, Jeffrey C. Brinkerhoff, hereby give notice of their agreement to waive any further proceedings before the Wyoming Medical Review Panel. Respondents further agree that, with respect to all claims stated in their claim herein, the Claimants, Melissa Bonner and Reno Bonner, have complied with the requirements of the Wyoming Medical Review Panel Act and that they may proceed to file an action in any court of competent jurisdiction in accordance with Wyoming law. Upon entry of an order dismissing further proceedings before the Medical Review Panel, the dismissal of the claims against Respondents may act as the Wyoming Medical Review Panel's final determination and any tolling of the statute of limitations may thereafter be interpreted in accordance with W.S. § 9-2-1513 *et. seq.* Respondents expressly deny all claims of negligence, causation and damages and reserve all of their defenses to any and all

Exhibit B

claims that may be made against them arising out of the medical treatment involved in this matter.

Dated this **17ᵗʰ day** of **January, 2017.**

Devin J. Simpson, D.C. and Prater View
Chiropractic, Inc.
**RESPONDENTS,**

By: Jeffrey C. Brinkerhoff
Brinkerhoff Law
Jeffrey C. Brinkerhoff, P.C.
Wyoming State Bar Attorney No. 5-2276
P.O. Box 2508
Casper, WY 82602
307-265-3265/307-265-3266 – fax
jeff@jbrinklaw.com

## Certificate of Service

The undersigned certifies that the above and foregoing *Waiver of Further Medical Review Panel Proceedings by Respondents Devin J. Simpson, D.C. and Prater View Chiropractic, Inc.* was served upon counsel by E-Mail and U.S. Mail, Postage Prepaid and addressed to the following on this **17ᵗʰ day** of **January, 2017:**

William R. Fix
P.O. Box 297
Jackson, WY 83001
(307) 733-5848
fixlawoffice@gmail.com

Jeffrey C. Brinkerhoff

## BEFORE THE MEDICAL REVIEW PANEL
## OF THE STATE OF WYOMING

IN THE MATTER OF THE CLAIM OF )
MELISSA and RENO BONNER, )
)                          RECEIVED
Claimant, )                      MEDICAL REVIEW PANEL
)                          Jan. 25, 2016
v. )                          MRP 16-33
)
DEVIN J. SIMPSON, D.C.; and )
PRATER VIEW CHIROPRACTIC, INC. )
)
Respondent. )

### ORDER OF DISMISSAL

THIS MATTER comes before the Director of the Medical Review Panel pursuant to W.S. § 9-2-1519(e) and the Medical Review Panel Rules, adopted November 21, 2005.

A claim by Melissa and Reno Bonner, by and through their attorney, William R. Fix, was filed with the Medical Review Panel on October 26, 2016.

Notice of the claim was served upon Devin J. Simpson, D.C.; and Prater View Chiropractic, Inc., on November 18, 2016.

On January 18, 2017, Devin J. Simpson, D.C. and Prater View Chiropractic, Inc., by and through Jeffrey Brinkerhoff, submitted a "WAIVER OF FURTHER MEDICAL REVIEW PANEL PROCEEDINGS BY RESPONDENTS DEVIN J. SIMPSON, D.C. AND PRATER VIEW CHIROPRACTIC, INC."

The Director finds that the filing of a waiver in lieu of an answer to the claim authorizes the Director to issue an order authorizing the claimant to immediately pursue the claim in a court of competent jurisdiction, pursuant to W.S. § 9-2-1519(e).

NOW, THEREFORE, IT IS ORDERED, that the Claimant has complied with the requirements of the Wyoming Medical Review Panel Act, W.S. § 9-2- 1513 et. seq.; that no further action or proceeding shall take place with this claim, and that in particular the Claimant is not required to file the statement of an expert witness; and that the Claimant is authorized to immediately pursue the claim in a court of competent jurisdiction. Pursuant to W.S. § 9-2-1518(a), this dismissal constitutes the final decision of the Medical Review Panel, and the tolling of the applicable limitation period shall begin to run again thirty (30) days after the filing of this decision.

DONE this 25th day of January, 2017.

Eric A. Easton, Director  #5-2176
Medical Review Panel

Exhibit C

## CERTIFICATE OF SERVICE

I, Eric A. Easton, do hereby certify that a true and correct copy of the foregoing ORDER OF DISMISSAL was served upon the parties by depositing a true and correct copy in the U.S. mail, postage prepaid this 25th day of January, 2017, to the following:

William R. Fix
P.O. Box 297
Jackson, WY 83001

Jeffrey C. Brinkerhoff, Esq.
P.O. Box 2508
Casper, WY 82602

Eric A. Easton, Director #5-2176
Medical Review Panel

**WILLIAM R. FIX**
ATTORNEY AT LAW

RECEIVED

MAR 20 2017

CLERK, U.S.D.C.
CHEYENNE, WYOMING

14 March 2017

17-CV-48 J

Stephan Harris, Clerk
United States District Court
District of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

   **Re:** ***Melissa Bonner and Reno Bonner v. Devin J. Simpson, D.C.,***
     ***and Prater View Chiropractic, Inc.***

Dear Mr. Harris:

  Enclosed please find an original and two (2) copies of the Complaint and the summons for each of the two (2) defendants to be filed in the above-referenced matter. Please file the original complaint, issue the summonses, and return the file-stamped copies of the complaint and the issued summonses to me in the enclosed postage prepaid envelope.

  Also enclosed is our check in the amount of $400.00 in payment of the required filing fee.

  Thank you for your kind assistance.

       Very truly yours,

       Tasmin R. Fix

       Tasmin R. Fix,
       Assistant to William R. Fix

/trf
Enclosures